United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIELYS DEL CARMEN BRACHO HIDALGO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-06256 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Marielys Del Carmen Bracho Hidalgo filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 3, 2026. Dkt 1. She proceeds here *pro se*. She acknowledges unlawful entry at a prior date but contends that her detention violates (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment, as interpreted in *Zadvydas v Davis*, 533 US 678 (2001). Id at 9–24.

The petition was initially assigned to Judge Alfred H. Bennett. It was reassigned to the undersigned by order dated October 6, 2026. Dkt 8.

Pending is a motion by the Government to dismiss, which contends that the petition should be dismissed as an abuse of the writ. Dkt 6. Petitioner filed a response, admitting to the prior filing but contending that the new petition isn't abusive because prior order permitted her to file a later petition if warranted following the conclusion of the proceedings in *Sosnava Rodriguez v Ortega*. Dkt 7 at 2. She also contends that she is raising a new claim based on *Zadvydas*. Ibid.

The Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider *prejudice* when a petitioner fails to show cause. Id at 118.

Petitioner's first petition, filed *pro se*, alleged that her detention under 8 USC §1225(b) violated (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. See *Bracho Hidalgo v Frink*, 4:26-cv-04731 (SD Tex) at Dkt 1. The petition was dismissed with prejudice on its merits on July 22, 2026. Id at Dkts 8 & 9.

Petitioner's current petition was also filed *pro se*. She makes no mention of her prior petition but again contends that her detention violates the INA and due process. Dkt 1 at 9–24. She admits that the appeal of her removal order remains pending but contends that her detention violates due process as explained in *Zadvydas*. Id at 8, 9–12. Her response to the motion by the Government reiterates these

arguments. Dkt 7 at 2–7. She also contend that she's entitled to file a second petition under *Sosnava*.

*As to the Sosnava claim*, Petitioner was advised that she could file a motion for reconsideration or a second petition after the proceedings in the *Sosnava* case conclude if the circumstances so warrant. The Fifth Circuit issued a decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 181 F4th 608 (5th Cir 2026). No *en banc* ruling has yet been issued, and the proceedings haven't concluded. The ongoing *Sosnava* proceedings thus don't provide the cause required for filing a second petition.

*As to the Zadvydas claim*, it wasn't raised in the first petition. Petitioner alleges that she hadn't been detained for six months when she filed her first petition, thus making a claim under *Zadvydas* in that petition premature.

Petitioner was detained on January 22, 2026, and her first petition was filed June 15, 2026. See *Bracho Hidalgo*, 4:26-cv-04731 at Dkt 1. Assuming the six-month presumptively constitutional period provided by *Zadvydas* applied to her case, she couldn't have raised the claim in that petition as she hadn't yet been detained for six months. These facts are sufficient to show cause for failing to raise the claim in the prior petition.

Even so, Petitioner can't show prejudice because *Zadvydas* doesn't govern her current detention. The holding of *Zadvydas* applies solely to aliens detained under 8 USC §1231, which occurs after the alien's removal order becomes administratively final. See 8 USC §1231(a)(1)(B)(i). An order of removal becomes *administratively final* "once the BIA has reviewed the order or the time for seeking the BIA's review has expired." *Johnson v Guzman Chavez,* 594 US 523, 534–35 (2021) (cleaned up). As Petitioner recognizes, her removal order isn't yet final because her appeal remains pending with the

BIA. She thus isn't detained under §1231, and the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas* hasn't yet begun. She thus can't show prejudice, even if her current claim is considered on its merits.

Having failed to show the required prejudice, Petitioner isn't entitled to file a second petition. Her petition will thus be dismissed with prejudice as an abuse of the writ.

* * *

The motion by the Government to dismiss is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Marielys Del Carmen Bracho Hidalgo is DISMISSED as an abuse of the writ. Dkt 1.

All pending motions are DENIED.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on October 8, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge